E. BELO v. E. SPACH.

*Statute of Limitation—Payment on Bond.*

Payment on a bond within ten years after it falls due by the assignee in bankruptcy of one of the obligors, repels the presumption arising from the lapse of time.

(*Lowe* v. *Sowell,* 3 Jones, 67; *McKeethan* v. *Atkinson,* 1 Jones, 421; *Hamlin* v. *Hamlin,* 3 Jones Eq., 191, cited and approved.

CIVIL ACTION tried, on appeal from a justice's court, at Spring Term, 1881, of FORSYTH Superior Court, before *Seymour, J.*

Case Agreed—The following are the facts: The action is brought to recover the amount of a note of which the following is a copy: One day after date we or either of us promise to pay to E. Belo, the just and full sum of one hundred dollars for T. J. Boner for value received of him, as witness our hands and seals this 28th day of January, 1860, (signed and sealed by Isaac Tice, H. A. Holder and E. Spaugh.)

That some time in the year 1868 Tice went into bankruptcy, and among the debts scheduled was the foregoing note, and on the 24th of March, 1870, a dividend was paid to plaintiff, the payee, in this action on said note by the assignee of said Tice to the amount of seven dollars and sixty-two cents, and on the 22nd day of May, 1872, another dividend of eight dollars and eighty-eight cents was paid by said assignee, and this action was commenced on the 26th day of January, 1880.

The defendant for his defence to the action relied upon the plea of payment and the statute of limitations, and his Honor being of the opinion that the payments by the assignee of Tice rebutted the presumption of payment arising from the lapse of time, gave judgment for the plaintiff, from which judgment the defendant appealed.

*Mr. J. C. Buxton,* for plaintiff.
*Messrs. Watson & Glenn,* for defendant.

ASHE, J. The only question presented for our determination by this appeal is, whether the payment on a bond within ten years after it falls due by the assignee in bankruptcy of one of the obligors, will repel the presumption arising from the lapse of time.

The bond was due on the 29th of January, 1860, and Tice went into bankruptcy, and among the debts enumerated in his schedule was the said bond given by him and the other obligors to Boner.

There were two dividends paid by the assignee on the bond to the plaintiff, the holder of the bond, the one on the 24th of March, 1870, and the other 22d of May, 1872. It has been held in this state that payments made by one of several obligors to a bond in the absence of the other, before the expiration of the time necessary to create the presumption of payment, will prevent such presumption from arising, as well in respect of the absent obligor, as of him that made the payment; and it is the case as to the joint obligors, when there are several who are sureties, as well as the principal who makes the payment. *Lowe* v. *Sowell*, 3 Jones, 67; *McKeethan* v. *Atkinson* 1 Jones, 421.

And in *Hamlin* v. *Hamlin*, 3 Jones Eq,. 191, it was decided that the payment of a bond within ten years by an assignee in bankruptcy out of the funds and with the assent of the obligor, repels the presumption of payment arising from the length of time.

No error.                                                   Affirmed.